IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CR-84-KAC-DCP |
| KENNETH FRANCIS LEE, and SUSAN AMIE LEE, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Susan Lee's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 31], filed on September 10, 2024.

Defendant Susan Lee asks the Court to continue the trial date and all related deadlines [Doc. 31]. In support of her motion, Defendant Lee asserts that discovery is voluminous and requires extra time to review [*Id.* ¶ 2]. She understands her right to a speedy trial [*Id.* ¶ 4]. Her motion reflects that neither Defendant Kenneth Lee nor the Government oppose a continuance [*Id.* ¶ 5]. Counsel for Defendant Kenneth Lee confirmed with Chambers via email that he understands his right to a speedy trial.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage

of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Susan Lee needs additional time to review discovery and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 22, 2024 trial date.

The Court therefore **GRANTS** Susan Lee's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 31**]. The trial of this case is reset to **January 28, 2025**. A new comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of the initial motion on September 10, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Susan Lee's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 31**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 28, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 10, 2024**, and the new trial date of **January 28, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 10, 2024**, and responses to motions are due on or before **October 25, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 30, 2024**;

(6) the deadline for filing motions *in limine* is **January 13, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 14, 2025, at 2:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 17, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge