IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:24-CR-84-KAC-DCP |
| KENNETH FRANCIS LEE and | ) | |
| SUSAN AMIE LEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kenneth Francis Lee's Unopposed Motion to Continue Trial [Doc. 33], filed on October 18, 2024.

Defendant Kenneth Lee ("K. Lee") requests that the Court continue the trial date and associated deadlines [Doc. 33]. In support of his motion, Defendant K. Lee states that the Government has provided voluminous discovery, including thousands of documents, many of which contain financial information that requires time-intensive review, and 175 recorded phone calls [*Id.* ¶ 2]. He notes that his counsel received additional discovery the week of filing the subject motion [*Id.*]. He is housed in Laurel County, which requires additional time for his counsel to review discovery and prepare the matter for trial [*Id.* ¶ 3]. Defendant K. Lee represents that neither the Government nor Defendant Susan Lee ("S. Lee") object to a continuance [*Id.* ¶ 5]. He submits that he and Defendant S. Lee both understand their rights to a speedy trial [*Id.* ¶ 6].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the

interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant K. Lee needs additional time to review discovery and consult with counsel to prepare the matter for trial. The Court finds that all of this cannot occur before the January 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Kenneth Lee's Unopposed Motion to Continue Trial [**Doc. 33**].[1] The trial of this case is reset to **April 22, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on October 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kenneth Lee's Unopposed Motion to Continue Trial [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 22, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 18, 2024**, and the new trial date of **April 22, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 25, 2025**;

---

[1] The deadline for filing pretrial motions in this case expired on October 10, 2024 [Doc. 32]. At this time, Defendant K. Lee has not set forth good cause for reopening the deadline.

(5) the deadline for filing motions *in limine* is **April 7, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 8, 2025, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 11, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge